THIS ORDER IS A
PRECEDENT OF THE TTAB

GCP                                                    Mailed: February 25, 2021

### UNITED STATES PATENT AND TRADEMARK OFFICE
### Trademark Trial and Appeal Board

————

*In re Information Builders Inc.*

————

Serial No. 87753964

————

Howard F. Mandelbaum and Ira E. Silfin of Mandelbaum Silfin Economou LLP,
    for Information Builders Inc.

Cynthia R. Smith, Trademark Examining Attorney, Law Office 107,
    Leslie Bishop, Managing Attorney.

————

By the Board:

On April 30, 2020, the Board issued a final decision[1] in this ex parte appeal

affirming the refusals to register Applicant's mark under

Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and on the ground that

Applicant failed to comply with the Examining Attorney's requirement to provide a

---

[1] A final decision is a final dispositive ruling that ends litigation on the merits before the Board. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 901.02(a) (2020); *see also Gal v. Israel Military Indus. of the Ministry of Defense of the State of Israel*, 1 USPQ2d 1424, 1427 (Comm'r 1986) (term "decision" has repeatedly been held to mean "final decision").

proper disclaimer pursuant to Section 6(a) of the Trademark Act, 15 U.S.C. § 1056(a). 15 TTABVUE.

On July 1, 2020, Applicant filed a timely notice of appeal of the Board's April 30, 2020 final decision to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"). 16 TTABVUE. Three months later, on October 16, 2020, Applicant filed with the Federal Circuit a motion to voluntarily dismiss its appeal.[2] On the same day, Applicant filed with the Board an express abandonment of its involved application, explaining that it no longer has a bona fide intent to use the involved mark in commerce. 17 TTABVUE. Applicant included a closing statement that the "abandonment of the present application is without prejudice." *Id*. at 3. On October 20, 2020, the Federal Circuit granted Applicant's motion and dismissed the appeal. 18 TTABVUE.

For the reasons explained below, Applicant's October 16, 2020 submission of the express abandonment of its involved application "without prejudice" is improper and is of no effect.

An applicant may file an express abandonment of its application during the prosecution of its application. Trademark Rule 2.68, 37 C.F.R. § 2.68. Under this same rule, an applicant may file an express abandonment of its application during an ex parte appeal to the Board. *See* TBMP § 1211. The rule does not apply, however, once the Board issues a final decision. *Cf*. TBMP § 1217 and Trademark Rule 2.142(g), 37

---

[2] We take judicial notice of this filing as an official record. *See Weight Watchers Int'l, Inc. v. I. Rokeach & Sons, Inc.*, 211 USPQ 700, 702 n.5 (TTAB 1981) (taking judicial notice of official records where relevance is clear from record and briefs).

C.F.R. § 2.142(g). Once that happens, prosecution is over and a different rule — Rule 2.142(g), 37 C.F.R. § 2.142(g) — applies. *See In re Johanna Farms, Inc.*, 223 USPQ 459, 460 (TTAB 1984) (after rendering a final decision, Board is without power to entertain any request for additional prosecution except as provided in Rule 2.142(g)); TBMP § 1217 ("A case that has been considered and decided on appeal to the Board may be reopened only as provided in 37 C.F.R. § 2.142(g).").

Rule 2.142(g) provides, in pertinent part, that "[a]n application which has been considered and decided on appeal will not be reopened except for the entry of a disclaimer under section 6 of the Act of 1946 or upon order of the Director …." Absent reopening of the application under Rule 2.142(g) or a reviewing court order reversing the Board's decision, an application that has been decided on appeal stands abandoned after a final decision of the Board affirming a refusal to register. *See generally* TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 718.06 (October 2018) ("Applications that are abandoned after ex parte appeals . . . are considered abandoned as of the date of the action that caused the application to abandon (e.g., affirming the examining attorney's refusal. . .") and TMEP § 718.05 ("An application may also become abandoned because of failure to perfect an appeal, or dismissal of an appeal, to the Court of Appeals for the Federal Circuit or civil court.").[3]

---

[3] This same rationale applies when the refusal or requirement is expressly limited to certain goods or services or to less than all of the classes in a multiple-class application. *See* Trademark Rule 2.65(a)(1), 37 C.F.R. § 2.65(a)(1) ("If all refusals and/or requirements are expressly limited to certain goods and/or services, the application will be abandoned only as to those goods and/or services."); *see also* TMEP §§ 718.02(a) and 1403.05.

Serial No. 87753964

Here, Applicant does not seek to enter a disclaimer nor is there an order of the Director permitting Applicant's purported express abandonment "without prejudice." Furthermore, no aspect of the disposition of Applicant's appeal to the Federal Circuit provides any basis to disregard or circumvent Rules 2.68 or 2.142(g). As noted above, Applicant moved to voluntarily dismiss its appeal to the Federal Circuit, and the Federal Circuit granted Applicant's motion. There was no mandate vacating the Board's decision, directing the Board to do anything more, or allowing Applicant to file this purported express abandonment.

In view of the foregoing, Applicant's purported express abandonment of its application "without prejudice" is not only untimely under Rule 2.68, but also contravenes the limitations in Rule 2.142(g). The Board's April 30, 2020 final decision affirming the refusals to register Applicant's mark remains as issued. Applicant's application stands abandoned as a result of that decision. Applicant cannot circumvent that adverse Board decision by filing an express abandonment of the involved application.[4]

Accordingly, Applicant's express abandonment of its application "without prejudice" cannot be given effect and is rejected.

---

[4] Such an action not only is impermissible under the USPTO's rules, but also would frustrate the administrative process and runs contrary to the principle of finality of judgments. *See* TMEP § 1217.

4